## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **COMPART SYSTEMS PTE. LTD.** | |
| **Plaintiff,** | Civil Action No. 6:19-cv-698 |
| **v.** | |
| **ICHOR HOLDINGS, LTD., and ICHOR SYSTEMS, INC.,** | **JURY DEMAND** |
| **Defendants.** | |

## COMPLAINT

Plaintiff Compart Systems Pte. Ltd. ("Compart" or "Plaintiff"), by and through its attorneys of record, files this Complaint for declaratory judgment and unjust enrichment, seeking: (1) a declaration of unenforceability of certain U.S. patents believed to be assigned to Icicle Acquisition Holding B.V., Ichor Systems, Inc., and Precision Flow Technologies, Inc.; (2) a declaration that Compart became no longer legally and contractually obligated to pay Defendants Ichor Holdings, Ltd. and Ichor Systems, Inc. (collectively referred to as "Ichor") royalties, which have been in the nature of rebate payments, for a license to manufacture and sell products covered by these patents, after the enforceable term of these patents; (3) a declaration that Ichor is obligated to refund the rebate payments and any other royalties that Compart paid after the enforceable term; and (4) an award of damages against Ichor for unjust enrichment resulting from Compart's payment to Ichor of rebate payments and any other royalties after the enforceable term.

## I.    <u>NATURE OF THE ACTION</u>

1.     This is an action for declaratory judgment that Compart has become no longer legally and contractually obligated to pay Ichor royalties, namely license rebates as set forth in the parties' License Rebate Agreement, in exchange for the right to manufacture and sell K1S products that are covered by Ichor's patents.  The Ichor patents which cover K1S products and were licensed to Compart are hereinafter referred to as "the Ichor K1S Patents."   Compart became no longer legally and contractually obligated to pay royalties after the last of the Ichor K1S Patents expired and entered the public domain on October 29, 2017 ("the Enforceable Term").  Ichor has improperly extended the patent monopoly of the Ichor K1S Patents by collecting and attempting to collect royalties to the present, well after the Enforceable Term of these patents.  The following patents, in which Ichor is believed to have an ownership interest and are believed to cover K1S products, are all beyond their Enforceable Term:  United States Patent Nos. 6,142,539, 6,189,570, 6,192,938, 6,293,310, 6,374,859, 6,394,138, 6,435,215, and 6,474,700.

2.     In addition, Compart seeks a declaratory judgment that Ichor is obligated to refund the rebate payments and any other royalties that Compart paid after the Enforceable Term of the Ichor K1S Patents.  Furthermore, Compart seeks an award of damages against Defendants for unjust enrichment resulting from Compart's payment to Defendants of rebate payments and any other royalties after the Enforceable Term.

3.     True and correct copies of the '539, '570, '938, '310, '859, '138, '215, and '700 patents are attached as **Exhibits A-G**.

## II.   <u>PARTIES</u>

4.     Compart Systems Pte. Ltd. is a Singapore entity with its principal place of business at 7 Temasek Boulevard, #32-01 Suntec Tower One, Singapore 038987. Compart Systems Pte. Ltd. does business in the Western District of Texas through its wholly owned subsidiary, Compart Systems 2 Corporation, a Delaware corporation, having a location at 2221 W. Braker Lane, Austin, TX 78758.

5.     On information and belief, Ichor Holdings, Ltd. is incorporated in the Cayman Islands, and on December 09, 2016 became listed on the NASDAQ Global Select Market under the symbol "ICHR".  On information and belief, Ichor Holdings, Ltd. has its U.S. corporate headquarters at 3185 Laurelview Ct., Fremont, California 94538, but has a U.S. mailing address of 200-C Parker Dr., Suite 600, Austin, TX. Ichor Holdings, Ltd. may be served with process through its registered agent National Registered Agents, Inc., 28 Liberty Street, New York, NY 10005.

6.     Ichor Holdings, Ltd. is engaged in the design, engineering, manufacture and distribution of gas and liquid delivery subsystems purchased by capital equipment manufacturers for use in the manufacturing of semiconductor devices. Ichor Holdings, Ltd.'s primary offerings include gas and chemical delivery subsystems, collectively known as fluid delivery subsystems, which are key elements of the process tools used in the manufacturing of semiconductor devices.  Ichor Holdings, Ltd. is the parent company of Icicle Acquisition Holding B.V., Ichor Systems, Inc., and Precision Flow Technologies, Inc.

7.     On information and belief, Defendant Ichor Systems, Inc. is a Delaware corporation having a place of business at 200-C Parker Dr., Suite 600, Austin, TX

78728, and is a wholly owned subsidiary of Defendant Ichor Holdings, Ltd.  Ichor Systems, Inc. may be served with process through its registered agent The Corporation Trust Company, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

### III.   JURISDICTION AND VENUE

8.   The Court has jurisdiction over these claims pursuant to 28 U.S.C. Section 1338 because this Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. §1, *et seq.*

9.   This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, based on Compart's and Ichor's immediate and substantial dispute as to whether Compart continues to be legally and contractually obligated to pay Defendants royalties, in the nature of rebate payments under the parties' License Rebate Agreement, in exchange for Compart's right to manufacture and sell K1S products covered by the Ichor K1S Patents, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

10.   The Court also has jurisdiction over Compart's claims for unjust enrichment pursuant to 28 U.S. Code § 1367(a).

11.   This Court has personal jurisdiction over Ichor.  Upon information and belief, Ichor conducts substantial business in this judicial District, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from individuals and entities in Texas.  Ichor also maintains a regular and established place of business in this judicial District.  Thus, Ichor has sufficient minimum contacts with the State of Texas to satisfy the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042.

12.     Compart has shipped numerous K1S products, which were allegedly covered by the Ichor K1S Patents, to Ichor in this District, and Ichor has received rebate payments from Compart, pursuant to the parties' License Rebate Agreement, for those K1S products purchased by Ichor.  Venue of this action in this Court and district is proper pursuant to 28 U.S.C. Section 1391 because a substantial part of the events giving rise to Compart's claims occurred in this District, an actual case or controversy exists in this District, and Ichor maintains a regular and established place of business in this judicial District.

### IV.     FACTUAL BACKGROUND

13.     Compart and Ichor are parties to a License Rebate Agreement which became effective on or about May 1, 2006.  Pursuant to the License Rebate Agreement, Compart has been obligated to pay Ichor rebate payments equal to a percentage of the sales price of K1S products, which were covered by the Ichor K1S Patents, that Compart manufactured, and then sold to and were purchased by Ichor.

14.     In May 2019, Ichor informed Compart that it wanted to audit Compart records concerning Compart's payments to Ichor, including rebate payments under the License Rebate Agreement.   On or about July 31, 2019, Ichor sent a letter to Compart with a request for an audit of Compart's records regarding Compart's rebate payments under the License Rebate Agreement, from July 30, 2018 through July 30, 2019.

15.     In or about July 2019, Compart determined that the last of the Ichor K1S Patents had previously expired and entered the public domain, and further that Ichor had improperly extended the patent monopoly of the Ichor K1S Patents by

continuing to collect royalties in the form of rebate payments after the Enforceable Term of these patents.  Even though Ichor knew or should have known that the last of the Ichor K1S Patents had expired on or about October 29, 2017, Ichor misrepresented to Compart after October 29, 2017 that these patents had not yet expired.  Furthermore, Ichor deceived Compart into believing that the Ichor K1S Patents had not yet expired by, among other things, continuing to require and direct after October 29, 2017 that Compart mark the K1S products that it manufactured and sold with the numbers of the following Ichor K1S Patents: U.S. Patent Nos. 6,374,859 and 6,394,138.  Since U.S. Patent Nos. 6,374,859 and 6,394,138 had expired by October 29, 2017 or earlier, Ichor has been engaged in the false marking of products in violation of 35 U.S.C. §292 by continuing to require and direct the marking of products after that date.

16.     On or about August 7, 2019 and September 9, 2019, Compart sent letters to Ichor stating that the License Rebate Agreement, and obligation for Compart to pay rebate payments, terminated prior to July 30, 2018 due to the expiration and/or lapse of the Ichor K1S Patents.  In these letters, Compart further informed Ichor that the rebate payments paid to Ichor after patent expiration must be refunded by Ichor.  By letters dated August 13, 2019, August 21, 2019, and October 25, 2019, Ichor stated its position that the License Rebate Agreement, including Compart's obligation to pay rebate payments, is still in full force and effect.

## V.     COUNT I – NON-ENFORCEABILITY OF ICHOR K1S PATENTS

17.     Compart restates and incorporates by reference the allegations in paragraphs 1 through 16 of this Complaint as if fully set forth herein.

6

18.     This is an action for declaratory judgment that the enforceable term of the Ichor K1S Patents ended on October 29, 2017 when the last of the Ichor K1S Patents expired.

19.     Upon information and belief, Ichor has an ownership interest in the Ichor K1S Patents.

20.     Even though Ichor knew or should have known that the last of the Ichor K1S Patents had expired on or about October 29, 2017 or earlier, Ichor misrepresented to Compart after October 29, 2017 that these patents had not yet expired and continued to collect from Compart royalties, in the nature of rebate payments, in exchange for a license to the Ichor K1S Patents for Compart to manufacture and sell K1S products to Ichor.

21.     Under the common law, a patent owner may not collect royalties from a patent licensee after the expiration of and enforceable term of the licensed patents.

22.     An actual and justiciable controversy exists as to whether Ichor is still entitled to collect and Compart is still obligated to pay royalties, in the nature of rebate payments, even after the Enforceable Term of the Ichor K1S Patents, in exchange for Compart's manufacture and sale of K1S products to Ichor.

23.     Compart accordingly requests a judicial determination of whether Ichor is still entitled to collect and Compart is still obligated to pay royalties, in the nature of rebate payments, even after the Enforceable Term of the Ichor K1S Patents.

## VI.     COUNT II – DECLARATION THAT COMPART IS NOT OBLIGATED TO PAY ICHOR ROYALTIES UNDER THE LICENSE REBATE AGREEMENT

24.     Compart restates and incorporates by reference the allegations in paragraphs 1 through 23 of this Complaint as if fully stated herein.

25.     The License Rebate Agreement became effective on May 1, 2006.

26.     Compart has been paying Ichor rebate payments under the License Rebate Agreement in exchange for a license to the Ichor K1S Patents for Compart to manufacture and sell K1S products to Ichor.

27.     As of October 29, 2017, the last of the Ichor K1S Patents expired and/or lapsed and entered the public domain.

28.     An actual and justiciable controversy exists as to whether Ichor is still entitled to collect and Compart is still obligated to pay rebate payments under the License Rebate Agreement, even after the Enforceable Term of the Ichor K1S Patents.

29.     Compart accordingly requests a judicial determination of whether Ichor is still entitled to collect, and Compart is still obligated to pay, rebate payments under the License Rebate Agreement, even after the Enforceable Term of the Ichor K1S Patents, in exchange for Compart's manufacture and sale of K1S products to Ichor. If the Court determines that Ichor is and was not entitled to collect rebate payments after the Enforceable Term of the Ichor K1S Patents, Compart further requests a judicial determination of whether Ichor is required to refund to Compart rebate payments, paid by Compart after the Enforceable Term of the Ichor K1S Patents.

## VII.   <u>COUNT III –UNJUST ENRICHMENT</u>

30.     Compart restates and incorporates by reference the allegations in paragraphs 1 through 29 of this Complaint as if fully stated herein.

31.     After the Enforceable Term of the K1S Patents ended on October 29, 2017, Compart mistakenly continued to pay royalties, in the nature of rebate payments under the License Rebate Agreement, for the right to manufacture and sell K1S products that were covered by Ichor's patents.

32.     As a result of Compart's mistaken payment of rebate payments after the Enforceable term, Defendants have been overpaid and unjustly enriched.

33.     Accordingly, Compart seeks an award of damages against Defendants for unjust enrichment in an amount to be determined at trial based on Compart's payment to Defendants of rebate payments and any other royalties after the Enforceable Term of the Ichor K1S Patents

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Compart prays for the following relief:

a.      A declaration that the Ichor K1S Patents are expired or lapsed and beyond their enforceable term;

b.      A declaration that Compart is no longer legally and contractually obligated to pay Defendants royalties, which have been in the nature of rebate payments, for a license to the Ichor K1S Patents to manufacture and sell K1S products to Ichor, given the enforceable term for these patents ended on October 29, 2017;

c.      A declaration that Defendants are obligated to refund to Compart the rebate payments and any other royalties that Compart paid after the enforceable term of the Ichor K1S Patents;

d.      An award of damages against Defendants for unjust enrichment in an amount to be determined at trial based on Compart's payment to Defendants of rebate payments and any other royalties after the enforceable term of the Ichor K1S Patents;

e.    An order declaring that Plaintiff is entitled to all attorney's fees, expenses and costs associated with this action; and

f.    That Compart be granted such other and further legal and equitable relief against Defendants as the Court deems appropriate.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:  December 6, 2019          Respectfully submitted,


/s/ *Michael P. Adams*
Michael P. Adams (Texas Bar No. 00872050)
DYKEMA GOSSETT PLLC
111 Congress Avenue, Suite 1800
Austin, Texas 78701
Tel:    (512) 703-6300
Fax:    (512) 703-6399
Email: madams@dykema.com

ATTORNEYS FOR PLAINTIFF COMPART
SYSTEMS PTE. LTD.